IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RAY ALLEN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-6016-CV-DPR |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Ray Allen Smith in a decision dated March 4, 2010 (Tr. 30-40). The Appeals Council denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **REVERSED and REMANDED** for additional evaluation consistent with this opinion.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. The claimant argues that the ALJ erred in finding he suffered from the severe impairment of personality disorder, but finding the claimant's diagnosed bipolar disorder was non-severe. The claimant contends that the ALJ subsequently improperly assessed the claimant's Residual Functional Capacity (RFC) by failing to properly weigh the medical opinions in the record and failing to adequately support his finding that the claimant's subjective complaints were not credible. The claimant asserts that, as a result, the ALJ imposed an inadequate hypothetical question to the vocational expert (Doc. 5). The Court has thoroughly

reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and agrees with the claimant that the ALJ's determination that his bipolar disorder was not severe is reversible error.

An impairment is not severe if it "amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (O'Connor, J., concurring)); 20 C.F.R. § 404.1520(c). The Eighth Circuit considers this a "de minimus" standard, *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989), and "not an onerous requirement" for a claimant to meet, *Kirby*, 500 F.3d at 708. The claimant bears the burden of establishing the existence of a severe impairment. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

The record contains opinions from treating mental health professionals who diagnosed the claimant with bipolar disorder and found him markedly to severely limited in a number of functional areas as a result of his mental impairments. The undersigned finds the evidence in the record is sufficient to support a finding of severity under the circuit's *de minimus* standard. Although an ALJ may discount the opinions of treating physicians where they are internally inconsistent or not well-supported, neither exception applies to the opinions here. *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The practitioners at both the Wyandot Center and the Guidance Center treated the claimant on a regular basis for counseling and medication management. Their opinions are based upon treatment notes, observations of the claimant over time, and his reactions to prescribed medications. As such, the Court finds that the ALJ's determination that the claimant's bipolar disorder was not a severe impairment is not supported by substantial evidence.

Because the ALJ's error at step two of the five-step evaluation process will necessarily affect the ALJ's evaluation at subsequent steps, the Court remands the case to the Commissioner for reconsideration of the claimant's application in its entirety. The Court directs the ALJ to find at step two that the claimant's bipolar disorder is a severe impairment. On the basis of that premise, the ALJ shall continue the evaluation at steps three through five.

### CONCLUSION

Based upon a thorough review of the record, the Court finds the ALJ's determination that the claimant's bipolar disorder was not a severe impairment is not supported by substantial evidence on the record as a whole. **IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for re-evaluation of the claimant's application consistent with this opinion.

**IT IS SO ORDERED.**

**DATED:  September 23, 2013**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**